SUPPRESSED

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL NO. *14-30117- MJR* |
| ) | |
| vs. ) | Title 18, United States Code |
| ) | Section 1347 |
| MAKETA N. DAVIS, ) | |
| ) | **FILED** |
| Defendant. ) | |

**FILED**

JUN 0 3 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
BENTON OFFICE

## INDICTMENT

**THE GRAND JURY CHARGES:**

1. **MAKETA N. DAVIS** defrauded the State of Illinois Medicaid Home Services program by falsely claiming and taking payments for personal assistant services not actually performed. The State of Illinois pays a personal assistant hourly wages for performance of services for a qualified beneficiary. The qualified beneficiary must have a written Employment Agreement with the personal assistant and a Service Plan listing all services to be provided. In order for the personal assistant to receive payment from the State of Illinois, the beneficiary must submit a Home Services Program Time Sheet form listing the hours worked by the personal assistant and signed by both the beneficiary and personal assistant.

2. The Home Services Program is a Medicaid Waiver Program designed to provide a disabled individual who, with assistance in performing daily living activities in the home, would not require similar care in a nursing home. The Illinois Department of Human Services, Division of Rehabilitation Services (DORS) administers the program. Medicaid Waiver programs enable states to use both state and federal Medicaid funds to pay for services related to medical care that would not ordinarily be covered under Medicaid.

3.  On June 14, 2005, **DAVIS** completed an Employment Agreement between Customer and Personal Assistant with a qualified Medicaid beneficiary, who was her mother.

4.  On December 15, 2012, **DAVIS** signed a DHS Division of Rehabilitation Services (DORS) Individual Provider Payment Policies form acknowledging her understanding of DORS Home Services policies including:

> - *Individual Providers cannot charge HSP for the same hours worked when working another job. This includes working for other HSP customers or as a childcare provider paid through the Department of Human Services. This constitutes fraud and will be prosecuted as such.*

5.  On or about December 27, 2012, **DAVIS** completed an Individual Provider Secondary Employment form reporting that she had no other employment.

6.  From on or about January 15, 2013 through on or about March 29, 2013, in furtherance of a scheme to defraud the Medicaid Home Services Program for the State of Illinois, **DAVIS** submitted Home Services Program Time Sheets of which she falsely claimed 193 hours of personal assistant services that were not performed on the dates and times indicated due to her other employment. **DAVIS** signed each time sheet under the following printed statement:

> *I certify that the above information is true and in accordance with the Individual Provider Payment Policies (IL488-2252). I understand falsification of any information submitted on this form could lead to criminal prosecution.*

2

## COUNT 1

### Health Care Fraud

7. Paragraphs 1 through 6 are re-alleged and incorporated in Count 1.

8. On or about December 15, 2012, through on or about March 29, 2013, in St. Clair County, within the Southern District of Illinois,

**MAKETA N. DAVIS,**

defendant, did knowingly and willfully execute a scheme to defraud a health care benefit program, namely Medicaid, in connection with the delivery of and payment for health care benefits and services by submitting time sheets and receiving payment for personal assistant services not performed, in violation of Title 18, United States Code, Section 1347.

**A TRUE BILL**

_____
WILLIAM E. COONAN
Assistant United States Attorney

MICHAEL J. HALLOCK
Special Assistant United States Attorney

_____
STEPHEN R. WIGGINTON
United States Attorney

Recommended Bond: $10,000 unsecured

3